UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LORD NOBLE BEN BEY,

               Plaintiff,

   - against -

CITY OF NEW YORK DEPARTMENT OF
FINANCE; ALJ MICHAEL R. MACEIRA; ALJ
SEAN ROBERTS; SALJ WACH; AND ALJ
BILLERS,

               Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**
12-CV-364 (RRM)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 10 2012 ★

BROOKLYN OFFICE

ROSLYNN R. MAUSKOPF, United States District Judge.

*Pro se* plaintiff Lord Noble Ben Bey brings this civil action against the New York City Department of Finance and several named Administrative Law Judges ("ALJs"). Plaintiff's request to proceed *in forma pauperis* is granted, but the complaint is DISMISSED for the reasons set forth below.

## BACKGROUND

Plaintiff purports to invoke the jurisdiction of this Court pursuant to "The Zodiac Constitution," and also cites the "Treaty of Peace and Friendship," entered into between Morocco and the United States in the 18th century. (Compl. (Doc. No. 1) at 1-2.) The nature of plaintiff's claims is not entirely clear. It appears that plaintiff had some type of adjudicatory proceeding at the New York City Department of Finance. Plaintiff alleges that ALJ Michael R. Maceira failed to comply with his demands to produce certain documents, including a "Certified Delegations of Authority Order" in the proceeding. Although plaintiff does not identify the nature of the proceeding, he claims that "I stated for the record without the DOAO all judgments were null and void and the case must be dismissed." (*Id.* at 2.) He alleges that the defendants'

refusal to comply with his demands is a violation of the oath of office. (*Id.* at 3.) Plaintiff further alleges that ALJ Michael R. Maceira, ALJ Sean Roberts, ALJ Billers, and SALJ Wach "knowingly committed fraud as they knowingly have been administering in a capacity which they do not have jurisdiction, delegation of authority, or judicial powers delegated from the legislature." (*Id.*) Plaintiff offers no specific allegations against the other ALJs, but states that they "take the same stand" and "dishonor the constitution." (*Id.* at 2.)

Plaintiff asserts that these unspecified actions deprived him of his rights to Due Process and the Equal Protection of the Laws and other privileges and immunities guaranteed by the "Constitution/Treaty and laws of these United States Republic." (*Id.* at 1.) He demands compensatory and punitive damages of $75,000 from each individual defendant. (*Id.* at 4.)

## STANDARD OF REVIEW

In reviewing the complaint, the Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint, or any portion of the complaint if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### I.  Judicial Immunity

All of plaintiff's claims against the ALJs must be dismissed, because judges, including ALJs, have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (describing the scope of judicial immunity); *Nash v. Califano*, 613 F.2d 10, 15 (2d Cir. 1980) ("ALJs enjoy absolute immunity from liability in damages for actions taken in their quasi-judicial capacity." (quoting *Butz v. Economou*, 438 U.S. 478, 514 (1978))). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judicial officer be deprived of immunity "because the action he took was in error or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13 (quotations and citations omitted). This immunity may be overcome only if the court is alleged to have taken non-judicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." *Id.* at 11-12.

Although plaintiff claims that New York City Department of Finance and the named ALJs do not have jurisdiction over the unidentified proceedings (Compl. (Doc. No. 1) at 3), he fails to identify any jurisdictional defect in the ALJs' appointments or their handling of the matter. His claims that the ALJs violated their oath of office, knowingly committed fraud, or acted without jurisdiction are unsupported by any factual allegations or any theory of recovery for any alleged harm. Any adjudicatory function by the ALJs, if alleged, would clearly be judicial acts performed within their judicial capacities, and the ALJs would be protected by absolute immunity. Accordingly, the claims against each of the ALJs must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. New York City Agencies

The New York City Department of Finance is not an entity against which an action can be brought. *See Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued."). The New York City Charter provides that suits "shall be brought in the name of the City of New York and not in that of any agency." N.Y. City Charter § 396; *see Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). Although the City of New York may be sued, a municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Plaintiff does not allege any policy or custom attributable to the City. Accordingly, all claims against the New York City Department of Finance must be dismissed.

## CONCLUSION

For the reasons stated above, the Court finds that the named individual defendants are protected from suit by absolute judicial immunity. Since plaintiff's complaint seeks monetary relief against defendants who are immune from such relief, and since even a liberal reading of the complaint gives no indication that a valid claim could be stated against any of the defendants, this action is hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order and the accompanying Judgment to plaintiff.

                                                                               SO ORDERED.

Dated: Brooklyn, New York                             s/Roslynn R. Mauskopf
       February 9, 2012                                     _____
                                                                   ROSLYNN R. MAUSKOPF
                                                                   United States District Judge